IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01634-BNB

AARON JORDAN,

    Plaintiff.

v.

CHRISTOPHER SLOAN, (police officer of Arapahoe County) (official capacity suit),

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CLAIMS
TO DISTRICT JUDGE AND MAGISTRATE JUDGE

---

    Plaintiff, Aaron Jordan, initiated this action on June 22, 2012, by filing *pro se* a Complaint (ECF No. 1) asserting a deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983.  He has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.

    On June 29, 2012, Magistrate Judge Boyd N. Boland found that the Complaint was deficient because it did not allege facts to support the claims against the City of Aurora and Arapahoe County.  Therefore, Magistrate Judge Boland directed Mr. Jordan to file an amended complaint within thirty days.  Plaintiff filed an amended complaint, which is not on the court-approved form, on July 5, 2012.

    The Court must construe the pleadings liberally because Mr. Jordan is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Jordan is a prisoner and the Defendant is an officer or employee of a governmental entity.  Pursuant to § 1915A(b)(1), the Court is required to dismiss the amended complaint, or any portion of the amended complaint, that is frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Jordan asserts a single claim in the amended complaint for deprivation of his Fourth and Fourteenth amendment rights.  Plaintiff maintains that he was subjected to the use of excessive use by Defendant Sloan during the course of an unlawful arrest.  Mr. Jordan alleges that on May 22, 2012, Defendant Sloan injured him during the course of a handcuffing as he "slammed" Mr. Jordan inside the back of the police car, causing him to suffer substantial pain and injury to his knee that has not subsided.  Plaintiff further alleges that he had not broken any laws and was not resisting at the time he was arrested but, instead, was trying to locate his lost wallet.  Mr. Jordan seeks an award of damages.

The amended complaint no longer includes a claim against the City of Aurora.  However, the amended complaint is deficient to the extent Mr. Jordan is asserting a claim against  Arapahoe County. Mr. Jordan's claim against Defendant Sloan in his official capacity is construed as a claim against Arapahoe County.  *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).  Mr. Jordan was previously warned by Magistrate Judge Boland that to hold a county liable under 42 U.S.C.§ 1983, he must show that a policy or custom exists and that there is a direct causal link between the policy or custom and his

alleged injury. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998). A local government entity such as Arapahoe County is not liable under 42 U.S.C. § 1983 solely because its employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694. Mr. Jordan does not allege any facts in his pleadings to show that a policy or custom of Arapahoe County was the moving force behind the asserted constitutional deprivation. Accordingly, Plaintiff's official capacity claim against Defendant Sloan, which is construed as a claim against Arapahoe County, is improper and will be dismissed.

The Court liberally construes the amended complaint as also asserting an individual capacity claim against Defendant Sloan. That claim is not appropriate for summary dismissal and will be drawn to a district judge and a magistrate judge.

Accordingly, it is

ORDERED that Defendant Christopher Sloan, in his official capacity, is dismissed as a party to this action. However, Defendant Sloan remains as a Defendant in his individual or personal capacity. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this  3rd  day of      August       , 2012.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T. BABCOCK, Judge
United States District Court