IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12–cv–01634–REB–KMT

AARON JORDAN,

    Plaintiff,

v.

CHRISTOPHER SLOAN,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on the Order to Show Cause entered on December 3, 2012 (Doc. No. 16) and Plaintiff's responses thereto. Plaintiff's Amended Complaint, filed July 5, 2012, asserts claims against Defendant Christopher Sloan in his individual capacity. (*See* Doc. No. 5; *see also* Order to Dismiss in Part and to Draw Claims to District Judge and Magistrate Judge, Doc. No. 7, filed Aug. 3, 2012 (dismissing official-capacity claims because Plaintiff did not allege any facts indicating that a policy or custom of Arapahoe County was the moving force behind the asserted constitutional deprivation).

Because he is proceeding *in forma pauperis* in this case (*See* Doc. No. 4, filed June 29, 2012), Plaintiff is entitled to have "[t]he officers of the court," i.e. the United States Marshals Service, "issue and serve all process." *See* 28 U.S.C. § 1915(d). On September 11, 2012, the

United States Marshal returned unexecuted the summons to be served on Defendant Sloan, stating that Defendant Sloan does not work for the Arapahoe County Sheriff's Office and that his current whereabouts are otherwise unknown. (Doc. 14.)

Pursuant to Fed. R. Civ. P. 4(m),

> [i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

More than 120 days have passed since the Amended Complaint was filed in this matter and Defendant Sloan has not yet been served. As such, on December 3, 2012, this court ordered Plaintiff to show cause in writing, on or before January 4, 2013, why the claims against Defendant Sloan should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service. (Doc. No. 16.)

Plaintiff has filed three responses to the Order to Show Cause. (Doc. No 17, filed Dec. 18, 2012 [First Resp.]; Doc. No. 19, filed Dec. 20, 2012 [Second Resp.]; Doc. No. 20, filed Jan. 3, 2013 [Third Resp.].) Therein, Plaintiff maintains primarily that the merits of his case and the severity of the injuries he sustained should overcome any shortcomings with respect to service. (*See* First Resp. at 1; Second Resp. at 1; Third Resp. at 1.) However, notwithstanding the purported merits of his claims, "the procedural requirement of service of summons must be satisfied" before a federal court "may exercise jurisdiction over a defendant." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104 (1987). It is Plaintiff's responsibility to prosecute this action. Thus, even though service is to be executed by the United States Marshals

Service, Plaintiff is required to provide the court with the proper information to locate Defendant Sloan before he can be compelled to answer to this lawsuit.[1]

Fed. R. Civ. P. 4(m) authorizes the court to dismiss a case against unserved defendants unless the plaintiff can show good cause for his failure to serve. By failing to provide any new or updated information regarding Defendant Sloan's whereabouts that would enable the Marshals Service to properly effect service of the summons and complaint, the court finds that Plaintiff has failed to provide good cause for his failure to timely serve Defendants Sloan.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Plaintiff's Amended Complaint against Defendant Christopher Sloan be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo

---

[1] Plaintiff also suggests, in his Third Response, that, if it is the court's wish, he could serve Defendant Sloan himself. (Third Resp. at 1.) However, that is not permissible as Fed. R. Civ. P. 4(c)(2) provides that service may not be effected by a person who is a party to the case.

review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 7th day of March, 2013.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge