**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12–cv–01634–REB–KMT

AARON JORDAN,

    Plaintiff,

v.

CHRISTOPHER SLOAN,

    Defendant.

---

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

    This matter is before me on the following: (1) the plaintiff's **Amended Complaint** filed July 05, 2012 [#5][1]; and (2) the corresponding **Recommendation of United States Magistrate Judge** [#21] filed March 7, 2013. The plaintiff filed objections [#22] on March 21, 2013. I overrule the objections, approve and adopt the recommendation, and dismiss the complaint without prejudice.

    The plaintiff is acting *pro se*. Therefore, I construe his filings generously and with the leniency due *pro se* litigants, see ***Erickson v. Pardus***, 551 U.S. 89, 94 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Belmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21 (1972)).

    As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the

---

[1] [#5]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

March 07, 2013, recommendation [#21] to which the plaintiff objects.  I have considered carefully the recommendation, the objections, and the applicable law.

In his amended complaint [#5], the plaintiff, Aaron Jordan, alleges he was improperly arrested and injured by police officer Christopher Sloan. After being granted leave to proceed in *forma pauperis* [#4], the United States Marshals Service attempted to serve Mr. Sloan on behalf of Mr. Jordan, but could not locate Mr. Sloan at the Arapahoe County Sheriff's Office.  When the marshals attempted service, Mr. Sloan no longer was employed by the sheriff.

In her recommendation, the magistrate judge concluded that Mr. Jordan has not properly served Mr. Sloan and that under Fed. Rule of Civ. Pro. 4(m), has not shown good cause for an extension of time to serve Mr. Sloan.  I agree.  In his objection to the recommendation [#22], Mr. Jordan fails to show good cause for not serving Mr. Sloan in a timely fashion.  If a plaintiff fails to show good cause, "the Court should consider several factors in determining whether to grant a permissive extension, including whether the applicable statue of limitations would bar the re-filed action, whether plaintiff is proceeding *pro se*, and whether the defendant is evading service." **Martinez-Jones v. Dulce Indep. Schs**, 2008 U.S. Dist. LEXIS 42321, 9 (D.N.M. Mar. 14, 2008) (citing **Espinoza v. United States**, 52 F.3d 838, 842 (10th Cir. 1995)); FED. R. CIV. P. 4(m) advisory committee notes to the 1993 amendments to subdivision (m).  There is no evidence that Mr. Sloan is evading service. The two year statute of limitations provided in §13-80-103, C.R.S. is applicable to §1983 claims filed in the District of Colorado. **Wilson v. Garcia**, 471 U.S. 261, 280 (1985); **Blake v. Dickason**, 997 F.2d 749, 750-751 (10th Cir. 1993); **Fogle v. Pierson**, 435 F.3d 1252, 1258 (10th Cir. 2006). Mr. Jordan's alleged injury took place on May 22nd, 2012. See *Amended Complaint* [#5].

The statute of limitations expires on May 22, 2014. This gives Mr. Jordan almost a year to find Mr. Sloan and re-file his claim. Mr. Jordan is a *pro se* plaintiff.  On balance, these factors do not weigh in favor of granting a permissive extension to Mr. Sloan.

**THEREFORE, IT IS ORDERED** as follows:

1. That the objections stated in the plaintiff's objection [#22] filed March 21, 2013, are **OVERRULED**;

2. That the **Recommendation of United States Magistrate Judge** [#21] filed March 7, 2013, is **APPROVED** and **ADOPTED** as an order of this court;

3. That the plaintiff's **Amended Complaint** [#5] filed February 7, 2013, is **DISMISSED WITHOUT PREJUDICE**; and

4. That **JUDGMENT SHALL ENTER** in favor of the defendant, Christopher Sloan, and against the plaintiff, Aaron Jordan, dismissing the plaintiff's **Amended Complaint** [#5] filed February 7, 2013, without prejudice.

Dated May 29, 2013, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge